# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **C.C.-1, K.C., M.C., D.C., and C.C.-2**

**No. 18-0096** (Mercer County 16-JA-66, 67, 68, 69, and 70)

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.C., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's January 3, 2018, order terminating her parental rights to C.C.-1, K.C., M.C., D.C., and C.C.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for an extension to her post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 20, 2016, the DHHR filed an abuse and neglect petition that alleged that petitioner and her husband abused drugs and alcohol and engaged in domestic violence in front of the children. The children disclosed to the DHHR that petitioner's husband strangled petitioner in front of them, threatened C.C.-1 with physical violence, and drove while intoxicated with C.C.-2 in the vehicle. Petitioner waived the preliminary hearing. On June 3, 2016, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect set forth in the petition and was adjudicated as an abusing parent. The circuit court granted petitioner's motion for a post-adjudicatory improvement period and she was granted extensions in January of 2017 and in April of 2017. Petitioner's husband was arrested on May 1, 2017, for strangling petitioner and was subsequently placed on home incarceration. On

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children have the same initials, they will be referred to as C.C.-1 and C.C.-2, respectively, throughout this memorandum decision.

May 19, 2017, the DHHR filed a motion to terminate petitioner's parental rights alleging that she failed to complete any substance abuse treatment program, obtain stable housing, or address the domestic violence issues.

After multiple continuances of the dispositional hearing, the circuit court held a final dispositional hearing on December 1, 2017. Petitioner moved to continue to participate in her post-adjudicatory improvement period. However, both the guardian and the DHHR objected to an extension. The DHHR presented evidence from two CPS workers that petitioner participated in services sporadically. Evidence was also presented that petitioner tested positive for drugs on nearly all of her drug screens and that she purchased Suboxone illegally. Finally, the DHHR presented evidence that it ended petitioner's supervised visitation with the children following an incident when petitioner was intoxicated during one of the visits and threatened to follow the foster parents to their home and kill them. The DHHR also informed the circuit court that petitioner began legally obtaining Suboxone at a clinic three weeks prior to the dispositional hearing. The circuit court found that the domestic violence issues prevented petitioner from parenting appropriately, petitioner refused to participate in substance abuse treatment, and supervised visits with the children ceased because petitioner could not get along with them. The circuit court further found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that it was in the best interests of the children to terminate her parental rights. Ultimately, the circuit court terminated petitioner's parental rights in its January 3, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner's husband's custodial rights were terminated and the children's biological father's custodial rights were terminated. C.C.-1 is currently in a kinship placement and the permanency plan is adoption in that home. M.C., D.C., and C.C.-2 are placed together in a foster home and the permanency plan for those children is adoption in that home. K.C. is in Highland Hospital's residential program. The permanency plan for K.C. is adoption following her completion of the program.

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her request for an extension of her post-dispositional improvement period. However, petitioner was not granted a post-dispositional improvement period and she admits the same. She further argues that the circuit court erred in failing to "formally award a [post-] dispositional improvement period;" however, she did not move for such. Therefore, it appears that petitioner is arguing on appeal that the circuit court erred in denying her an extension of her post-adjudicatory improvement period.

Under West Virginia Code § 49-4-610(2), a post-adjudicatory improvement period shall not exceed six months. Further, pursuant to West Virginia Code § 49-4-610(6),

> [a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child[ren]; and that the extension is otherwise consistent with the best interest of the child[ren].

Petitioner fails to provide any evidence to support her assertion that "she should have been awarded additional time in her improvement period to complete the goals of her family case plan." In fact, petitioner was granted two extensions of her post-adjudicatory improvement period and failed to comply with services throughout the entirety of the improvement period. Despite being afforded a year and a half of services, petitioner tested positive for substances throughout the proceedings, failed to participate in treatment, and failed to address the domestic violence issues. The record also indicated that petitioner was unable to get along with the children during visits. Further, visitation with the children ceased after petitioner made threats to the children's foster parents. Based on this evidence, petitioner was not entitled to an extension of her post-adjudicatory improvement period because she failed to comply with its terms and conditions for nearly a year and a half. Therefore, the circuit court did not err in denying her the same.

Further, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" The evidence discussed above also supports the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and that termination of petitioner's parental rights was in the children's best interests.

3

Lastly, because the children's biological father retains his parental rights, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the Court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 3, 2018, dispositional order is hereby affirmed.

Affirmed.

4

**ISSUED**:  June 11, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.